IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COSTAS G. ACRIVOS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:05cv1627 |
| | ) Judge Thomas M. Hardiman |
| JOHN A. VASKOV, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

**I.   Introduction**

Plaintiff Costas G. Acrivos (Acrivos) filed this *pro se* civil rights action on November 28, 2005 against John A. Vaskov (Vaskov), the Deputy Prothonotary of the Supreme Court of Pennsylvania and Elizabeth Rich (Rich), Plaintiff's former wife. Acrivos alleges that Defendants, as well as other parties, violated his civil rights. Defendants filed motions to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rule of Civil Procedure. For the reasons that follow, the Court will grant Defendants' motions.

**II.   Facts**

On September 5, 2001, over the objections of Plaintiff Acrivos, Judge Mulligan of the Court of Common Pleas of Allegheny County entered a divorce decree dissolving his marriage to Defendant Rich. In his complaint in this Court, Acrivos alleges that Vaskov improperly handled and rejected his petition for an appeal to the Supreme Court of Pennsylvania in that divorce case. In addition, Acrivos claims that his civil rights were violated by Judge Mulligan, the Supreme

Court of Pennsylvania, and Defendant Rich during the divorce proceeding. Acrivos asks this Court to dissolve the divorce decree and order marriage counseling. Acrivos also seeks a jury trial of the issue and, should marriage counseling fail, a fault-based divorce decree against Rich because of desertion and adultery. Finally, Acrivos seeks $10,000 in damages from Defendant Vaskov.

### III.  Standard of Review

The Court notes initially that Acrivos is representing himself in this case. Because Plaintiff is "unskilled in the law, we must view his pleading and the applicable procedure liberally." *Moore v. Coats Co.*, 270 F.2d 410, 411 (3d Cir. 1959) (*citing Picking v. Pennsylvania R. Co.*, 151 F.2d 240, 244 (3d Cir. 1945)). "On the other hand, a judge may not become a surrogate attorney for the party, even one who is proceeding pro se." *Taylor v. Diznoff*, 633 F. Supp. 640, 641 (W.D. Pa. 1986)(*quoting Mazur v. Pa. Dept. of Transp.*, 507 F. Supp. 3, 4 (E.D. Pa. 1980), *aff'd* 649 F.2d 860 (3d Cir. 1981)).

Rule 12(b)(1) motions challenge the existence of subject matter jurisdiction. In deciding a motion to dismiss for lack of subject matter jurisdiction, the allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Additionally, courts should overlook a complaint's failure to rely on the appropriate jurisdictional statutes and instead ascertain independently whether the complaint alleges a basis for subject matter jurisdiction. *Davis v. Ohio Barge Line, Inc.*, 697 F.2d 549, 552 (3d Cir. 1983) (citations omitted). Furthermore, the Court of Appeals has held that where the absence of subject matter jurisdiction is apparent from the face of a complaint, any amendment would be futile, and hence

dismissal without leave to amend is proper. *See Miklavic v. USAir*, 21 F.3d 551, 557-58 (3d Cir. 1994).

Rule 12(b)(6) motions challenge the legal sufficiency of the complaint. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). Plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist." *Id.* "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" *In re Rockefeller Center Properties Inc.*, 311 F.3d 198, 205 (3d Cir. 2002). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept legal or unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1429 (3d Cir. 1997); *Miree v. DeKalb County, Ga.*, 433 U.S. 25, 27 n. 2 (1977).

## IV.   Discussion

Acrivos' complaint fails for at least two reasons. First, the Court lacks subject matter jurisdiction to review, as an appellate court, the decisions of a state court. Second, the complaint fails to state a claim upon which relief can be granted.

### A.   *Rooker - Feldman* Doctrine

It is well-settled that federal courts lack jurisdiction to review state court judgments where the relief sought is in the nature of appellate review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*See also Blake v. Papadakos*, 953 F.2d 68, 71 (3d Cir. 1992). The *Rooker-Feldman* doctrine applies in the section 1983 context regardless of whether the state litigation has reached the state's highest court. *See Port Authority PBA v. Port Authority of New York and New Jersey*, 973 F.2d 169, 178 (3d Cir. 1992). In the instant case, Plaintiff Acrivos asks this Court to review decisions made by a judge of the Court of Common Pleas of Allegheny County and the Prothonotary of the Supreme Court of Pennsylvania. Thus, the relief requested by Acrivos is in the nature of appellate review. Having failed to secure the dissolution of the divorce decree through the state appellate process, Acrivos now asks this Court to grant the relief denied to him by the Pennsylvania courts. This is precisely the sort of case that the *Rooker-Feldman* doctrine prohibits. Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims.

### B.      Failure to State a Claim under §1983

Even assuming, *arguendo*, that the *Rooker-Feldman* doctrine did not apply, the complaint would fail to state a claim upon which relief can be granted. Acrivos complains of general violations of his "civil rights," and the Court construes his claims as arising under 42 U.S.C. §1983. To state a claim under section 1983, a plaintiff must establish that the defendant acted under color of state law and denied plaintiff a federally protected constitutional or statutory right. *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). The complaint lacks the former allegation as to Defendant Rich and the latter as to all defendants. There is no allegation that Rich acted under color of state law, nor is the Court aware of any facts that would support such an allegation, so no cause of action lies under §1983 against her.[1]

---

[1] Defendant Rich further argues that Acrivos has failed to effectuate valid service of process. Because the complaint fails on multiple independent grounds, the Court will not address the validity of service.

4

Furthermore, Acrivos fails to specify which of his constitutional rights have been violated by Defendants' actions. In discussing when dismissal is justified for failure to state a claim, the Court of Appeals for the Third Circuit has stated that "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). "Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law. In order to state a claim, plaintiff must show that defendants, acting under color of state law, deprived him of a right secured by the Constitution or the laws of the United States." *Id.* at 907 (internal citations omitted). Acrivos has not specified any constitutional right that Defendants' have violated and the Court is unable to divine any from the allegations of his complaint. Accordingly, Plaintiff's complaint fails to state a claim upon which relief can be granted under §1983 against all Defendants and will be dismissed.

Even assuming, *arguendo*, that Acrivos stated a cognizable claim under §1983, his allegations are time barred and thus the complaint would still fail. The statute of limitations for §1983 actions is the same as the state limitation for personal injury tort actions, which is two years under Pennsylvania law. *Kost v. Kozakiewicz*, 1 F.3d 176 (3d Cir. 1993). Here, Acrivos filed his complaint on November 28, 2005. The divorce decree was entered on September 5, 2001 and Defendant Vaskov denied Acrivos' Petition for Allowance of Appeal on February 20, 2003. On March 11, 2003, Defendant Vaskov characterized Plaintiff's letter seeking reconsideration as a Petition for Review of Vaskov's administrative decision and forwarded it to the Pennsylvania Supreme Court, which denied it on September 16, 2003. Plaintiff then filed a Petition for Reconsideration with the Pennsylvania Supreme Court, which was denied on

November 25, 2003. The Pennsylvania Supreme Court is not a party in this case, and the last relevant action taken by Defendant Vaskov occurred on March 11, 2003. Thus, the two year period within which Acrivos should have filed his §1983 action related to Vaskov's decision ended on March 11, 2005. The complaint is barred by the applicable statute of limitations and thus fails to state a claim upon which relief can be granted.

### IV. Conclusion

In sum, the Court lacks jurisdiction to grant Plaintiff the appellate review that he seeks. In addition, Plaintiff's §1983 claims are neither cognizable nor timely.

WHEREFORE, upon consideration of Defendants' Motions to Dismiss (Docs. No. 5 and No. 16), and Plaintiff's response thereto (Doc. No. 18), said Motions are GRANTED. The Clerk is directed to mark this case CLOSED.

It is SO ORDERED, this 10th day of April, 2006.

BY THE COURT:

_Thos M. Hardiman_
Thomas M. Hardiman
United States District Judge